MIR SUAU Y CO., S. EN C., demandante y apelada, *v.* SECRETARIO DE HACIENDA DE PUERTO RICO, demandado y apelante.

Número 11526.

*Sometido:* 9 de abril de 1956. *Resuelto:* 31 de mayo de 1956.

*Hon. Secretario de Justicia José Trías Monge* y *Ángel Manuel Martín, Procurador Auxiliar,* abogados del apelante; *Juan A. Faría,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

La sociedad Mir Suau & Co., S. en C., dedujo en su declaración de ingresos para el año 1949, la suma de $10,261 que había pagado como compensación por servicios prestados a su apoderado Miguel Pagán Esmoris. El Secretario de Hacienda rechazó esta partida alegando que la misma correspondía a una distribución de beneficios de la sociedad. Como consecuencia notificó a la contribuyente la correspondiente deficiencia. ([1])

El Tribunal Superior anuló la deficiencia y en apelación el Secretario de Hacienda alega ante nos, como único error, "el cometido por el tribunal a quo al considerar las sumas pagadas por la demandante apelada durante el año 1949 a don Miguel Pagán Esmoris como sueldo y por lo tanto como un gasto deducible, cuando en efecto éstas corresponden a la participación del señor Pagán Esmoris en la sociedad en calidad de socio industrial".

 El error no fué cometido. La demandante-apelada es una sociedad mercantil en comandita constituída por escritura pública e inscrita en el Registro Mercantil. ([2]) En el hecho primero de la parte expositiva de la escritura de constitución de sociedad, los comparecientes hacen constar que "han convenido en constituir una sociedad mercantil," con el objeto—véase escolio 2—y cláusulas que luego se expresan. La razón social será "Mir Suau & Compañía, Sociedad en Comandita" ([3]) y serán socios gestores los comparecientes don Antonio Mir Reynés y doña Katiuska Mir de Pagán y socias comanditarias doña Teresa Suau viuda de Mir y doña María

---

([1]) La deficiencia surgió del rechazo de esta y otra partida que no está envuelta en el presente recurso.

([2]) La escritura de constitución de sociedad se encuentra unida al expediente del caso núm. 11,270 de este Tribunal. Por su cláusula primera se declara que "[e]l objeto de la sociedad será la compraventa al por mayor y al detalle de toda clase de artículos de ferretería, quincalla y cualquiera otros de lícito comercio, pudiendo efectuar negocios de todas clases en beneficio de la sociedad".

([3]) Cláusula tercera.

Teresa Mir Suau de Arrarás, [4] especificándose la aportación que cada uno de ellos hace a la sociedad y que consiste en bienes inmuebles, existencias o mercaderías, mobiliario, cuentas, créditos, acciones y otros valores de la antigua sociedad. [5] Luego de consignarse otros pactos, en la cláusula vigésima primera se conviene:

"Vigésima Primera: Las ganancias de la sociedad serán distribuídas en la siguiente forma: Cincuenta por Ciento (50%) para el capital y Cincuenta Por Ciento (50%) para el trabajo. El dicho Cincuenta por Ciento (50%) para el trabajo será distribuído entre don Antonio Mir Reynés y el apoderado que se nombre por la sociedad con los deberes y facultades que se expresarán, correspondiendo de este Cincuenta por Ciento (50%) de los beneficios o ganancias que se asigna para el trabajo, la mitad para el socio gestor don Antonio Mir Reynés y la otra mitad para el apoderado que se nombre. El Cincuenta Por Ciento (50%) de los beneficios o ganancias que se asigna para el capital se distribuirá entre todos los socios de la sociedad en proporción a sus respectivos capitales aportados según las cuentas de capital de cada socio. Las pérdidas de la sociedad se distribuirán entre todos los socios también en proporción a los respectivos capitales aportados de cada uno, según las cuentas de capital de cada socio."

La cláusula trigésima sexta dispone:

"Trigésima Sexta: Don Miguel Pagán Esmoris percibirá por sus gestiones y actividades, la mitad del Cincuenta por Ciento (50%) de las ganancias o beneficios de la sociedad tal y como se estableció en la cláusula Vigésima Primera de esta escritura para el apoderado que fuere nombrado pudiendo retirar el señor Pagán Esmoris una suma no mayor de Cincuenta Dólares ($50) semanales con cargo a su participación en las ganancias o beneficios de la sociedad, conviniéndose expresamente por los aquí comparecientes, que en caso de que no hubiere beneficios o ganancias, o de que habiéndolos éstos no fueren suficientes, los adelantos que hubiere tomado el apoderado señor Miguel Pagán Esmoris deberán ser pagados por éste a la sociedad."

y las cláusulas trigésima tercera y trigésima cuarta, dicen textualmente:

---

[4] Cláusula quinta.
[5] Cláusulas séptima, octava, novena y décima.

"Trigésima Tercera: Bajo las cláusulas, término y condiciones especificados en esta escritura, los comparecientes dejan constituída la sociedad Mir Suau & Compañía, Sociedad en Comandita, comprometiéndose a guardar y cumplir fielmente en todas sus partes lo aquí convenido.

"Trigésima Cuarta: Y ya constituída la sociedad Mir Suau & Compañía, Sociedad en Comandita, ésta representada por los aquí comparecientes confieren y dan (sic) poder completo y absoluto para que actúe a nombre y en representación de la sociedad interviniendo en sus negocios y efectuando toda clase de intervención en dichos negocios, sin limitación alguna, al compareciente don Miguel Pagán Esmoris, conviniéndose expresamente que este poder no podrá ser revocado, limitado o modificado en forma o manera alguna, si no fuere con el consentimiento y aprobación de todos los socios de la sociedad."

Invocando las cláusulas Vigésima-Primera y Trigésima-Sexta, el apelante sostiene que el apoderado Sr. Pagán Esmoris, es un socio industrial de Mir Suau & Compañía, S. en C. La base de su contención es que de acuerdo con dichas cláusulas, Pagán Esmoris recibe por su trabajo una participación de un 25% en los beneficios y ganancias de la sociedad y no un sueldo y que además viene obligado a participar en las pérdidas de la sociedad hasta el montante de los adelantos recibidos durante el año. Para sostener su contención cita varios preceptos del Código Civil referentes a las sociedades.

La posición del apelante es insostenible. Los preceptos que invoca del Código Civil son inaplicables. En el contrato de sociedad los socios convinieron expresamente constituir una *sociedad mercantil;* adoptaron una de las formas permitidas por el Código de Comercio—la de sociedad en comandita—y la inscribieron en el Registro Mercantil. Además la sociedad se dedica al ejercicio habitual de actos reputados mercantiles. Su objeto la caracteriza inconfundiblemente como una sociedad mercantil.(6) Por tanto, la sociedad Mir Suau & Com-

---

(6) Véase Gay de Monteyá, Código de Comercio, Tomo II, pág. 26; González y Echevarri, Comentarios al Código de Comercio, Tomo I-II, pág. 132; L. Benito, Derecho Mercantil, Tomo 1, pág. 429 y "Alrededor de la Distinción entre Sociedades Civiles y Comerciales", por José Castán, publicación de la Revista General de Legislación y Jurisprudencia, Madrid, 1929.

pañía, S. en C., se rige por las cláusulas y condiciones del contrato de sociedad y en cuanto a lo que en éste no esté determinado y prescrito, por las disposiciones del Código de Comercio. Art. 100 Código de Comercio.

De acuerdo con el contrato social, Miguel Pagán Esmoris no es un socio de Mir Suau & Compañía, S. en C. Él fué nombrado apoderado de dicha sociedad y por sus servicios como tal se le fijó una compensación a base de un tanto por ciento de los beneficios o ganancias que obtuviera la sociedad. Es de lugar indicar que en la cláusula vigésima octava de la escritura de sociedad se provee para el caso en que se haga necesaria la sustitución del apoderado nombrado, ya sea por razón de muerte, renuncia o *remoción* de éste. Si bien es cierto que Pagán Esmoris comparece en la indicada escritura, lo hace para dar licencia marital a su esposa, doña Katiuska Mir Suau, para dedicarse al comercio, circunstancia ésta que no le convierte en un socio. Sentencia del Tribunal Supremo de España en enero 19 de 1925. La sociedad nombró a Pagán Esmoris su apoderado conforme a la facultad que le concede el art. 199 y siguientes del Código de Comercio al comerciante para constituir apoderados o mandatarios generales o singulares para que hagan el tráfico en su nombre y por su cuenta en todo o en parte, o para que le auxilie en él. Nada hemos encontrado en el Código de Comercio que impida a un comerciante asignar a los apoderados, factores o mancebos, una compensación a base de un tanto por ciento de las ganancias o beneficios obtenidos, ni existe razón alguna por la cual una compensación fijada sobre esa base convierta al apoderado o empleado en socio de su principal.[7]

*Por los motivos expuestos, se confirma la sentencia apelada.*

[7] Véanse Sentencias del Tribunal Supremo de Cuba, núms. 107 de 14 de diciembre 1917 y núm. 4 de 23 de enero de 1913. (Núñez y Núñez, Código de Comercio, Tomo II, págs. 8 y 9.)